IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER M. GILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-165 ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

**O R D E R**

AND NOW, this 29th day of February, 2024, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14) filed in the above-captioned matter on August 2, 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on June 2, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

Plaintiff Jennifer M. Gill protectively filed a claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.*, and a claim for

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

1

supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, claiming that she became disabled on January 31, 2016, due to a variety of impairments. (R. 16, 265-76). After being denied initially on July 1, 2016, Plaintiff sought, and obtained, two hearings before an Administrative Law Judge ("ALJ") on March 10, 2020 and September 9, 2021. (R. 7-12, 16, 99-103, 110-12). In a decision dated October 26, 2021, the ALJ denied Plaintiff's request for benefits. (R. 16-28). The Appeals Council declined to review the ALJ's decision on December 6, 2022. (R. 7-12). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.     Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, *if supported by substantial evidence*, shall be conclusive'" (quoting § 405(g) (emphasis in original)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). If the district court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence."  *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).  "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." *Id.*  So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence.  *See id.* at 705-06.  Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period.  *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001).  "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'"  *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. §§ 404.1545(a), 416.945(a). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience.  *See id.*  The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  *See id.* §§ 404.1523, 416.923.

### III.     The ALJ's Decision

In his October 26, 2021 decision, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of January 31, 2016.  (R. 18).  The ALJ also found that Plaintiff met the second requirement of the process insofar as she had the following severe impairments: obesity, degenerative disc disease, fibromyalgia, degenerative joint disease, major depressive disorder, bipolar II disorder, insomnia, anxiety disorder, and posttraumatic stress disorder.  (R. 19).  The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met the requirements of a listed impairment.  (R. R. 19-21).

The ALJ found that Plaintiff retained the RFC to perform sedentary work with the following limitations:

- She requires the opportunity to alternate sitting and standing every 30 minutes.
- She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.
- She can occasionally balance and stoop, but never kneel, crouch, or crawl.
- She must avoid concentrated exposure to extremes of heat and cold, vibration, and hazards such as inherently dangerous moving machinery and unprotected heights.
- She is limited to performing routine repetitive tasks at the SVP 1 to 2 levels.
- She is limited to frequent interaction with others.

(R. 21).  At Step Four of the process, the ALJ used a vocational expert ("VE") to find that Plaintiff was unable to perform any of her past relevant work.  (R. 26).  The ALJ proceeded to determine, at Step Five, whether there were jobs in the national economy that Plaintiff could perform.  (R. 26-27).  The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform a significant number of jobs in the national economy, including the representative occupations of document preparer, table worker, and information clerk.  (R. 27).  Accordingly, the ALJ found that Plaintiff was not disabled.  (R. 27-28).

**IV.     Legal Analysis**

The issue before the Court in this case is straight-forward: did the ALJ apply the correct regulations to Plaintiff's 2016 claims.  The parties agree that the ALJ cited to the new, incorrect regulations, 20 C.F.R. §§ 404.1520c and 416.920c, when making Plaintiff's RFC finding instead of the correct regulations, 20 C.F.R. §§ 404.1527 and 416.927, which apply to applications like Plaintiff's that were filed before March 27, 2017.  (Doc. Nos. 11, p. 5; 15, p. 7).  Plaintiff contends that this error led the ALJ to incorrectly analyze the medical opinions of Dr. Jonathan Powell, M.D., Plaintiff's treating physician, and Michael Balandiat, OTR/L, Plaintiff's occupational therapist.  (Doc. No. 11 at 5-6).  Defendant counters that the ALJ substantively applied the correct regulations as he assigned these medical opinions "little weight" and "partial weight," and identified Plaintiff's occupational therapist as not being an "acceptable medical source," which are the correct terminologies under the applicable regulations.  (Doc. No. 15, pp. 6-9).  While the Court agrees that the ALJ may have used the correct terminology, it will remand this case because the record is simply not clear as to whether the ALJ applied the correct regulations in his analysis of these opinions.

6

As Plaintiff points out, the regulations have been amended such that, for cases filed after March 27, 2017, the "treating physician rule" has been eliminated in Social Security disability proceedings. *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). Plaintiff's claims were filed on April 13, 2016; therefore, the previous version of the regulations applied, which required that more attention be paid to a source's treating relationship with the claimant in weighing that source's opinion. (R. 28). Indeed, the regulations provide that for claims filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Fargnoli*, 247 F.3d at 43; *Plummer*, 186 F.3d at 429. When a treating source's medical opinion is not given controlling weight, the ALJ considers the following factors: (1) the examining relationship; (2) the treating relationship; (3) the length of the treatment relationship and the frequency of examination; (4) the nature and extent of the treatment relationship; (5) supportability; (6) consistency; (7) specialization; and (8) other factors that are brought to the ALJ's attention or of which the ALJ is aware that tend to support or contradict the medical opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c).

The ALJ incorrectly analyzed Dr. Powell's opinion under these prior regulations because he failed to acknowledge Dr. Powell's treating relationship with Plaintiff and failed to identify Dr. Powell as a treating source. (R. 25). The ALJ's analysis of Dr. Powell's opinion consisted only of the following:

> Dr. Jonathan Powell opined that the claimant's described symptoms warrant continued disability for now (Exhibit 10F/9). Dr. Powell opined that the claimant

>was temporarily disabled from October 30, 2019 to October 29, 2020 (Exhibit 17F/2).  The undersigned gives his opinion little weight because they are conclusory statements of disability, which is a conclusion reserved for the Commissioner.  Additionally, Dr. Powell did not address any of the claimant's specific functional limitations and only addressed a partial year period.

(R. 25).  While the ALJ correctly assigned weight to the opinion in accordance with the applicable regulations, 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2),[2] the ALJ erred by not acknowledging Dr. Powell as a treating source, the nature of his relationship with the Plaintiff, or the treatment history Dr. Powell had with Plaintiff, all of which are factors that the ALJ should have considered under the applicable regulations.  *See id.*  The ALJ's decision does not allow the Court to determine whether he considered Dr. Powell's status as a treating doctor or, if so, how he factored that information into his analysis of the opinion evidence.

The Court is not suggesting that the ALJ was required to give more weight to Dr. Powell's opinion than to those of non-treating sources; indeed, even under the pre-March 27, 2017 version of the regulations, when the medical opinion of a treating source conflicts with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales*, 225 F.3d at 317; *see also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). However, the ALJ must make clear why he or she is crediting certain opinions over others. Additionally, the ultimate question of disability has been an issue reserved solely for the Commissioner even before the 2017 amendments to the regulations. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (stating "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."); *see also* 20 C.F.R. §§ 404.1520c, 404.1546, 416.920c, 416.946.  However,

---

[2] These regulations state that for claims filed prior to March 27, 2017, the ALJ articulates the "weight" given to each opinion.  20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2).  For claims filed after March 27, 2017, the ALJ evaluates the "persuasiveness" of each medical opinion.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).

regardless, the ALJ provided no basis for the Court to determine that he took Dr. Powell's treating relationship with Plaintiff into account when analyzing the opinion. Accordingly, remand is required for an analysis of Dr. Powell's opinion conducted pursuant to 20 C.F.R. §§ 404.1527 and 416.927.

As to the ALJ's analysis of Mr. Balandiat's opinion, the Court finds this also requires remand, as the ALJ again did not sufficiently conduct this analysis in accordance with the applicable regulations. The ALJ gave this opinion "partial weight" after noting that Mr. Balandiat opined that Plaintiff could perform less than sedentary to sedentary work without any mention of the factors important to consideration of this kind of opinion. (R. 25 (citing Ex. 16F/13)); 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1) (noting that the ALJ considers opinions from not acceptable medical sources using the same factors as listed in 20 C.F.R § 404.1527(c)(1)-(6)). Specifically, the ALJ did not acknowledge any of the following: the examining relationship, the treatment relationship, supportability, consistency, or specialization. 20 C.F.R. §§ 404.1527(c)(1)-(5), 416.927(c)(1)-(5).[3] Instead, the ALJ only acknowledged other factors that undermined Mr. Balandiat's opinion, noting the following:

> Mr. Balandiat is not an acceptable medical source although his opinion is based on a functional capacity evaluation. However, he did not define less than sedentary work in terms of functional ability. The undersigned agrees that based on a combination of the claimant's various pain complaints and her obesity, she would be limited to sedentary work, but has found further limitations on her ability to perform postural maneuvers and on environmental exposures.

(R. 25). While Defendant is correct that the ALJ's assigning of "partial weight" to this opinion and the ALJ's characterization of Mr. Balandiat as not an "acceptable medical source" represent the correct terminology under the applicable regulations, 20 C.F.R. §§ 404.1527, 416.927, the ALJ's sparse analysis without consideration of any of the relevant factors listed in 20 C.F.R. §§

---

[3] Although not all of these factors will apply in every case, the ALJ here did not recognize any of these factors. *See* 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1).

404.1527(c)(1)-(6) and 416.927(c)(1)-(6) makes it impossible for this Court to conclude with certainty that the correct regulations were applied.

**V.      Conclusion**

In short, the record does not permit the Court to determine whether the ALJ applied the correct regulations to Dr. Powell's and Mr. Balandiat's opinions and in formulating the RFC. Accordingly, the Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

> s/Alan N. Bloch
> United States District Judge

ecf:          Counsel of record